1  SCHEER LAW GROUP, LLP
   JOSHUA L. SCHEER #242722
2  REILLY D. WILKINSON #250086
   155 N. Redwood Drive, Suite 100
3  San Rafael, CA  94903
   Telephone:  (415) 491-8900
4  Facsimile:  (415) 491-8910
   rwilkinson@scheerlawgroup.com
5  Fay.100-023S-A

6  Attorneys for Movant
   CAM XI TRUST, its successors and/or assignees
7

8              UNITED STATES BANKRUPTCY COURT FOR

9              THE CENTRAL DISTRICT OF CALIFORNIA

10                   LOS ANGELES DIVISION

11  In re:                                    Bk. No. 2:22-bk-11267-SK

12  JORGE RAMIREZ,                            Chapter 13

13          Debtor.                           **MEMORANDUM OF POINTS AND
                                              AUTHORITIES IN SUPPORT OF
14                                            MOTION FOR RELIEF FROM
                                              AUTOMATIC STAY**
15
                                              Hearing-
16                                            Date:  March 30, 2022
                                              Time: 8:30am
17                                            Place: U.S. Bankruptcy Court
                                                    255 E. Temple Street
18                                                  Los Angeles, CA 90012
                                                    Courtroom 1575
19

20

21        CAM XI TRUST, its successors and/or assignees (**"Movant"**), submits this

22  Memorandum of Points and Authorities in Support of its Motion for Relief from Automatic Stay

23  filed in the above-captioned bankruptcy.  This Memorandum is based on the pleadings and

24  records on file in this matter; the Declaration of Lindsey Dallmer ("**Movant  Declaration**"); the

25  Supplemental Declaration of Lindsey Dallmer ("**Movant Supplemental Declaration**"), the

26  Motion for Relief from Automatic Stay ("**Motion**") submitted herewith, and the pleadings and

27  records on file in this matter.  Movant's Motion concerns the following property: **13805**

28  **Francisco Drive, La Mirada, CA 90638** ("**Property**").

                                    1

### I.    INTRODUCTION

Debtor is not the borrower under Movant's loan. Debtor is instead the transferee beneficiary under a Grant Deed. This unauthorized transfer was done solely to stop and delay a valid foreclosure sale and for the benefit of the Automatic Stay.  In addition, there has been multiple filings affecting the subject Property.  However, even if the transfer was in good faith, which it clearly was not, the transferor did not have an ownership interest to transfer due to a prior foreclosure of the Property by the homeowner's association. This being the latest bad faith attempt to stop Movant's foreclosure.

As a result, Movant asserts that, in addition to relief pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2), these actions justify In Rem relief, binding on the Property in accordance with 11 U.S.C. § 362(d)(4) for a period of two (2) years and that any additional stay of 11 U.S.C. § 1301 or Bankruptcy Rule 4001(a)(3) should be waived given the bad faith conduct of Former Borrower and/or Debtor.

### II.    RELEVANT FACTS

In accordance with the Real Property Declaration and Supplemental Declaration filed herewith, Movant asserts the following:

1.    Movant is the current payee of a Promissory Note dated March 27, 2018 in the principal amount of $637,000.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Deed of Trust (the "**Deed of Trust**") executed and recorded in Los Angeles County and which encumbers the Property. [*See* Movant Declaration, Ex. 1-3]. Movant's Note has matured and is all due and payable as of April 1, 2019. [*Id*].

2.    Young Joong Ko is the borrower ("**Former Borrower**") on the loan secured by the subject Property located at 13805 Francisco Drive, La Mirada, CA 90638 ("**Property**"). [*See* Movant Declaration, Ex. 1].

3.    On or about October 13, 2021, Hawkes Pointe Association ("**HOA**") proceeded with its foreclosure of the Property.  Steven Kim and Cindy S. Kim and James Chang ("**Purchasers**") purchased the Property, subject to Movant's superior lien, at the HOA's

1    foreclosure.  [*See* Movant Supplemental Declaration, Ex. 1.]

2         4.      On March 8, 2022, Debtor, Jorge Ramirez ("**Debtor**") filed a Petition under

3    Chapter 13 of the Bankruptcy Code, Case No. 2:22-bk-11267-SK ("**Current Bankruptcy**").

4         5.      On March 8, 2022, the same day as the filing of the Bankruptcy, Movant was

5    informed by its foreclosure trustee that a facsimile transmission was received that provided

6    notice of the unauthorized transfer via Grant Deed, which supposedly affects the Property ("**BK**

7    **Notice**").  According to the BK Notice which is contained in Movant's file, on or about March 3,

8    2022, Former Borrower purportedly executed a Grant Deed, transferring an interest in the subject

9    Property to Debtor, Jorge Ramirez.  This transfer was done without Movant's knowledge or

10    authorization. The Grant Deed was purportedly recorded and signed March 3, 2022. [*See* Movant

11    Supplemental Declaration, Ex. 2].

12         6.      This is the third bankruptcy filing supposedly affecting the subject Property

13    within the past three (3) years and second bankruptcy filing within the past seven (7) months. A

14    description of the previous bankruptcies is as follows:

15    **FIRST BANKRUPTCY [DEBTOR: HYE MI KO; 2:19-bk-22093-BB]**

16         On October 14, 2019, Former Borrower filed a Petition under Chapter 7 of the

17    Bankruptcy Code, Case No. 2:19-bk-22093-BB ("**First Bankruptcy**"). The First Bankruptcy

18    was dismissed on November 1, 2019 due to the Former Borrower's failure to file Schedules.

19    [*See* Movant Supplemental Declaration, Ex 3].

20    **SECOND BANKRUPTCY [DEBOR: HYE MI KO; 2:21-bk-15287-WB]**

21         On June 29, 2021, Former Borrower filed a Petition under Chapter 13 of the

22    Bankruptcy Code, Case No. 2:21-bk-15287-WB ("**Second Bankruptcy**"). The Second

23    Bankruptcy was dismissed on August 9, 2021 due to Former Borrower's failure to appear at

24    the 341 Meeting of Creditors.  [*See* Movant Supplemental Declaration, Ex. 4].

25    **CURRENT BANKRUPTCY [DEBTOR: JORGE RAMIREZ; 2:22-bk-11267-SK]**

26         On March 8, 2022, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code,

27    Case No. 2:22-bk-11267-SK. Debtor filed only a few case commencement documents with his

28    bankruptcy petition. Schedules, the Statement of Financial Affairs and Chapter 13 Plan have not

1  yet been filed and are due no later than March 22, 2022. [*See* Current Bankruptcy, Docket No 1].

2         7.     Movant is informed and believes that the value of the Property is approximately

3  $1,112,100.00, pursuant to a Trulia.com report and the current amount owing on Movant's

4  matured loan is $1,060,166.71 [*See* Movant Supplemental Declaration, Ex. 5]. In the event

5  this matter is continued for a final hearing, Movant will obtain an appraisal to get an updated

6  valuation of the Property.

7  **III.    ARGUMENT**

8      **1.  Sufficient "Cause" Exists to Grant Movant's Motion for Relief from the
9         Automatic Stay as Movant is not Adequately Protected and also Due to the Bad
       Faith Actions of Former Borrower and/or Debtor**

10  11 U.S.C. §362(d)(1) provides that:

11

12      "On request of a party in interest and after notice and a hearing, the court shall grant
relief from the stay provided under subsection (a) of this section, such as by terminating,
13      annulling, modifying, or conditioning such stay—

14      (1) for cause, including the lack of adequate protection of an interest in property of such
15      party in interest."

16      Cause to terminate the stay exists whenever the stay will harm the creditor and lifting the

17  stay will not unjustly harm the debtor or other creditors. *In re Smith*, 1996 Bankr.LEXIS 1486,78

18  A.F.T.R.2d (RIA) 7597 (Bankr. D. Cal. 1996). "Factors to consider in determining whether the

19  automatic stay should be modified for cause include: (1) an interference with the bankruptcy; (2)

20  good or bad faith of the debtor, (3) injury to the debtor and other creditors if the stay is modified;

21  (4) injury to the movant if the stay is not modified; and (5) the relative portionality of the harms

22  from modifying or continuing the stay" *Scripps GSB I, LLC v. A Partners, LLC(In re A Partners,*

23  *LLC),* 344 B.R. 114, 127 (Bankr. E.D. Cal. 2006).  Here, there is sufficient "cause" to grant relief

24  from the automatic stay.

25      Here, the unauthorized Grant Deed was purportedly recorded on March 3, 2022, just five

26  (5) days prior to the filing of the Current Bankruptcy. In addition, Movant's loan has matured

27  and is all due and payable as of April 1, 2019 and no payments are being made on the obligation.

28  //

4

1    **Loan Maturity and Lack of Payment**

2          As stated above and in the Movant Declaration, Movant's loan has matured and is all due

3    and payable as of April 1, 2019. Debtor and/or Former Borrower have been making no payments

4    to Movant and Movant is not adequately protected as a result.  Debtor's and/or Former

5    Borrower's failure to make required payments provides "cause" for relief from the Automatic

6    Stay in accordance with the ruling of the Bankruptcy Appellate Panel in *In re Proudfoot*, 144

7    B.R. 876 (9th Cir. BAP 1992).

8    **Lack of Adequate Protection**

9          As stated above and in the Movant Declaration, Debtor has not provided Movant with

10   sufficient adequate protection. Movant's Note has matured and is all due and payable as of April

11   1, 2019, with a balance of $1,060,166.71 as of March 11, 2022. Pursuant to the Trulia.com

12   report, attached to Movant's Supplemental Declaration, the Property is approximately worth

13   $1,112,100.00. As a result, there is only a 12% equity cushion in the Property to protect

14   Movant's interests. The lack of equity cushion in the Property does not provide Movant adequate

15   protection and is cause for relief under 362(d)(1). The equity picture is even more dire when

16   taking into consideration an 8% cost of sale.

17   **Bad Faith of the Former Borrower and/or Debtor**

18         The Bankruptcy does not appear to be in good faith as it relates to the subject Property.

19   As detailed herein, an interest in the Property was purportedly transferred to Debtor on or about

20   March 3, 2022.  Movant was notified via facsimile and the notification of the Bankruptcy

21   appears to have been solely to obtain the benefit of the Automatic Stay. This action was clearly

22   done in bad faith in an attempt to delay the valid foreclosure sale and provides additional "cause"

23   for relief from stay.

24   **Former Borrower and Debtor's Lack of Ownership Interest**

25         As shown above, the HOA foreclosed on the Property on October 13, 2021,  As Movant's

26   lien was senior to the HOA's lien, Movant's lien survived the foreclosure and the Purchasers

27   took title to the Property subject to Movant's lien.  As the Purchasers purchased the Property on

28   October 13, 2021, the Former Borrower had no ownership interest in the Property at the time of

5

1  the purported transfer to the Debtor.  As there was no ownership interest to transfer, the Debtor

2  has no ownership interest in the Property.

3  **2. "In Rem" Relief Binding on the Property Should be Granted Due to the "Bad
   Faith" Transfer and Multiple Bankruptcies Affecting the Property.**

4

5  Movant is seeking relief from stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" given

6  the lack of payments, loan maturity, and due to the bad faith as described in the Motion and this

7  memorandum. Movant is also requesting relief from stay, binding on the Property for a period of

8  two years, pursuant to 11 U.S.C. § 362(d)(4) due to the unlawful transfer relating to the Property

9  and the multiple filings affecting the Property.

10  Courts in the 9th Circuit have held that "[t]o make the conduct actionable under §

11  364(d)(4), however, the scheme to hinder or delay "must be devised and contrived of malice,

12  fraud, covin, collusion, or guile." Proof of such intent, however, is rarely based upon direct

13  evidence. As in fraudulent conveyance cases, courts typically rely upon circumstantial evidence

14  to establish a debtor's intent to delay, hinder or defraud creditors.  Courts have identified the

15  following circumstances as probative of a scheme to hinder, delay or defraud creditors: (1) the

16  strategic filing of a bankruptcy petition to prevent collection, (2) multiple petitions by multiple

17  parties to protect common property, (3) lack of evidence of changed circumstances between

18  bankruptcy filings, and (4) inability to fund a plan." *In re Hymes*, 2013 Bankr. LEXIS 664, 19-

19  20 (Bankr. D. Alaska 2013) (citations omitted).  Here, the evidence presented and the

20  circumstances surrounding this bankruptcy indicate a clear scheme to delay and hinder Movant

21  and the pending foreclosure.

22  The Debtor is not the borrower under the Loan secured by the Property and does not

23  appear to have any legitimate interest in the Property.  On March 8, 2022, Movant received

24  notice of this bankruptcy, supposedly affecting the Property.  The Grant Deed showing Debtor's

25  claimed interest in the subject Property was supposedly executed on March 3, 2022.  The

26  supposed transfer of an unlawful interest was done without Movant's knowledge or

27  authorization.  This was an apparent scheme to delay the foreclosure and it does not appear that

28  the Debtor has any legitimate interest in the Property.  This is clearly bad faith.

6

1    In addition, there have been two (2) prior bankruptcy filings relating to the Property, all

2    which were dismissed due to the Former Borrower's failure to perform in those prior cases.

3    **3.    Any Co-Debtor Stay of 11 U.S.C. § 1301 Should be Lifted**

4    To the extent applicable, Movant moves this Court for relief from the co-debtor stay

5    contained in U.S.C. §1301 and will request that any Order allowing relief from stay against

6    Debtor, or conditioning continuance of the automatic stay against Debtor, be deemed applicable

7    to the co-debtor and the co-debtor stay.  (See *In re Jimmy Leonard*, 307 B.R. 611 (E.D.TN 2004)

8    and *In re: Pardue*, 143 B.R. 434 (E.D. TX 1992)). According to the Court in *In re: Jacobsen*, 20

9    B.R. 648 (B.A.P. 9th Cir. 1982), a Debtor should not be entitled to confirm a Chapter 13 plan,

10    without consenting to relief from the co-debtor stay, so that the Creditor can proceed with

11    collecting the deficiency on the loan from the co-debtor, who has not filed for protection under

12    the Bankruptcy Code, where the debt is not provided in the Plan.

13    Here, it is not even clear whether the Debtor has a valid interest in the subject Property.

14    However, to the extent it is determined that he does, Movant's interest would be irreparably

15    harmed by continuation of the stay in accordance with the declaration and evidence submitted

16    herewith.  There is no value for the estate and the Property has been transferred to delay a valid

17    foreclosure.  Providing the Former Borrower or any third party with the benefit of another stay

18    would be inequitable.

19    **4.    Bankruptcy Rule 4001(a)(3) Should Be Waived**

20    There is cause to waive any waiting period that may be imposed by Bankruptcy Rule

21    4001(a)(3) or California Civil Code § 2924g(d) (to the extent it applies).  There is no reason to

22    allow for an additional waiting period after entry of a relief order.  The unauthorized Grant Deed

23    was given merely to delay and defraud Movant and stall a valid foreclosure sale.  If additional

24    time is allowed prior to the sale, the likely result will be merely a new bankruptcy filing and/or

25    an additional unauthorized transfer of an interest or beneficial interest in the Property.  It would

26    not be equitable to allow this type of behavior to continue at the expense of Movant.

27    //

28    //

7

1

### IV.    CONCLUSION

2      The Former Borrower's and/or Debtor's actions and the facts surrounding the transfer

3 and this Bankruptcy show a clear intent to hinder, delay and defraud Movant and "cause" for

4 relief pursuant to 11 U.S.C. § 362(d)(1).  As a result, relief from stay should also be granted, In

5 Rem, binding on the Property in accordance with 11 U.S.C. § 362(d)(4)for a period of two (2)

6 years and any additional stays of 11 U.S.C. § 1301 or Bankruptcy Rule 4001(a)(3) should be

7 terminated or waived.

8      WHEREFORE, Movant requests that the relief requested in its Motion be granted.

9                                          SCHEER LAW GROUP, LLP

10

11 Dated:  March 16, 2022                    /s/REILLY D. WILKINSON
                                            #250086

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28